Lorraine C. Meltzer, Appellee, v. Mrs. C. Shklowsky, Appellant.

Gen. No. 42,692.

Heard in the third division of this court for the first district at the June term, 1943.

Opinion filed February 2, 1944.

CLAUSEN, HIRSH & MILLER, of Chicago, for appellant.

WALTER N. MURRAY, of Chicago, for appellee.

MR. JUSTICE BURKE delivered the opinion of the court.

In a complaint filed in the circuit court of Cook county Lorraine C. Meltzer alleged that on May 24, 1941 she was walking in a southerly direction on the west side of Trumbull avenue, crossing 26th street in Chicago; that she was in the exercise of due care; and that Celia Shklowsky so negligently drove her automobile that it struck plaintiff, who asked damages of $10,000. On issues joined the case was tried before the court and a jury, resulting in a verdict in favor of plaintiff for $900. A motion for a new trial was over-

ruled and judgment was entered on the verdict, to reverse which this appeal is prosecuted.

The accident occurred at about 8:30 on the morning of May 24, 1941. Trumbull avenue runs in a northerly and southerly direction and 26th street in an easterly and westerly direction. There are car tracks in the center of 26th street. Plaintiff was employed in a candy shop on the south side of 26th street, about half a block west of Trumbull avenue. To reach her place of employment she took a Kedzie avenue car to 26th street and walked west on the north side of 26th street to the northwest corner of 26th and Trumbull. She then began walking in a southerly direction from the northwest corner across 26th street, intending to arrive at the southwest corner and to continue west on the south side of 26th street to her place of employment. There is a conflict in the evidence as to whether plaintiff was walking on or off the west crosswalk. Defendant was driving her car south on Trumbull avenue from her home, located at 25th street and Trumbull avenue, about a block north. Defendant's daughter was riding with her. Testimony introduced by plaintiff tends to show that defendant turned her car from Trumbull avenue in a westerly direction on 26th street; that she drove the car into the eastbound car tracks; that the bumper of the car struck the plaintiff, throwing her into the air; that at the time plaintiff was struck, she was in the crosswalk; that defendant stopped her automobile; that it blocked the eastbound traffic; and that a passer-by got into the automobile and backed it around the corner on Trumbull avenue so as to permit the traffic to move. Plaintiff testified that as she crossed the street she looked to observe the traffic and did not see any automobiles approaching; that she walked directly across the street in the crosswalk; that as she came to the eastbound tracks she stopped to wait for a boy on a bicycle to pass; that she decided she could "beat him across the street";

and that she got ready to start to walk to the curb when defendant's car hit her. Defendant testified that she had been driving a car for about two months at the time of the accident; that on that morning she was driving south on Trumbull avenue, her daughter seated alongside of her; that when she arrived at 26th street she made a stop; that she turned west on 26th street; that after driving a short distance she saw plaintiff coming "from between the parked cars"; that plaintiff was walking "pretty fast"; that she noticed plaintiff about two feet from her car; that plaintiff was crossing the street west of the crosswalk; that she swerved the wheels to the left and put her foot on the brake; and that at that time the girl fell over the bumper. Plaintiff's testimony was corroborated by the testimony of a disinterested witness and defendant's testimony was corroborated by that of her daughter. After the accident plaintiff went to her place of employment and from there home, where she was attended by a physician, who taped her back. X-rays did not disclose any fractures. She was away from work from May 24 to June 2, and remained in bed during most of this time.

Defendant urges that the judgment is against the manifest weight of the evidence. We are of the opinion that the jury was fully warranted in returning a verdict finding defendant guilty. There was evidence from which the jury had a right to find that plaintiff was in the exercise of due care for her safety, that defendant was negligent in the operation of her automobile and that such negligence was the proximate cause of the injuries suffered. Defendant insists that the court erred in refusing to strike the testimony introduced on behalf of plaintiff relative to the appendectomy and the medical expenses connected therewith on the ground that there was no competent evidence showing a causal connection between the accident and the appendectomy performed two months

later. Plaintiff answers that the medical evidence including the aggravation of the chronic appendicitis, presented a question of fact for the jury, was properly submitted, and that the hypothetical question contained such facts as were shown by the evidence. One of the consequences of the accident, plaintiff contends, was the aggravation of a chronic existing appendicitis condition, which resulted in an appendectomy on July 27, 1941, more than two months after the happening of the accident. Defendant maintains that there was no showing that there was a causal connection between the occurrence and the appendectomy, and that all the evidence with regard to the pre-existing appendicitis condition should have been stricken from the record. A hypothetical question was propounded to Dr. Curtis B. Bowman, plaintiff's physician, as to whether there might or could be a causal connection between the old chronic appendicitis and the aggravation of the appendicitis and the removal thereof on July 27, 1941, which he answered, "Yes." Asked: "What is your opinion?", Dr. Bowman answered: "My opinion is that it did have." On cross-examination Dr. Bowman testified that the attack of appendicitis necessitating the excision of the appendix could have happened very easily even if the accident had never happened; that the patient could have had the trouble if the accident had never occurred; that "it is anybody's guess on a thing of that kind," and that it would be very difficult to say with any degree of medical certainty that an "intervening cause affected that condition." From this testimony it is clear that the physician could not say with reasonable medical certainty that there could or would be a causal connection between the aggravation of the appendicitis and the removal thereof on July 27, 1941. To form a proper basis for recovery it is necessary that the consequences relied upon must be reasonably certain to result. They cannot be purely speculative. The testimony as to the chronic appendi-

citis prior to the accident and the operation after the accident was admitted on the statement of plaintiff's counsel that he would show a causal connection between the injuries suffered as a result of the accident and the aggravated condition. This he failed to do. We are of the opinion that the court erred in refusing to strike the testimony as to the condition of the appendix before and subsequent to the accident, and also the hypothetical question propounded to the physician and his answer.

We turn to a consideration of the injuries suffered by plaintiff, leaving out of consideration any injury to her appendix. She testified that at the time of the accident her back hurt and she was in a daze; that she was taken home and put to bed; that a physician taped her back from the waist up; that the physician told her that there was a torn ligament in the back and in the left shoulder; that the following day she started to have "involuntary control" over her urine, which lasted for three or four days; that her side and stomach hurt; that she had a rash on her face; that she was nervous; that her back bothered her constantly; that since that time she had pain on her left side and in the kidneys; that since the accident her legs have swollen up a few times; and that she gets tired easily. While the court erred in not striking the testimony as to the condition of the appendix the hypothetical question and answer thereto, and the testimony as to the medical bill occasioned by the appendectomy, the jury heard the physician state that whether the aggravated condition of the appendix was due to the accident would be a guess. From the fact that the jury awarded only $900 in damages, it would appear that they recognized that it was doubtful whether the accident aggravated the condition of the appendix. Defendant, citing *Lauth v. Chicago Union Traction Co.*, 244 Ill. 244, 253, states that it would be impossible to determine to what extent the verdict of the jury was

influenced by the incompetent testimony. Plaintiff made out a strong case as to liability. We are satisfied that justice will be served in this case by an award of damages of $500. For the reasons stated the judgment of the circuit court of Cook county is affirmed if the plaintiff shall within ten days file in this court a remittitur in the sum of $400; otherwise, the judgment is reversed and the cause remanded to the circuit court of Cook county for a new trial.

*Judgment affirmed on filing a remittur of $400.00 within ten days; otherwise, judgment reversed and cause remanded for a new trial.*

KILEY, J., concurs.

HEBEL, P. J., took no part.