**Nick Zanter, Plaintiff-Appellee, v. Sandra Hough, Defendant-Appellant.**

**Gen. No. 61–O–8.**

Fourth District.

April 23, 1962.

August L. Fowler, of Marion, and Hart & Hart, of Benton, for appellant.

Leonard J. Dunn, of West Frankfort, for appellee.

OPINION ON REHEARING.

HOFFMAN, PRESIDING JUSTICE.

This action was brought to recover damages for injuries sustained by the plaintiff when an automobile driven by the defendant struck a parking meter on which the plaintiff was leaning. The jury awarded the plaintiff a verdict in the sum of $2500 and judgment was entered thereon.

The defendant has appealed and requests that we reverse the cause and remand it for a new trial, in support of which he urges the following: (1) that the verdict was grossly excessive; and, (2) that the court improperly instructed the jury.

The facts are these. The plaintiff was leaning with his right elbow upon a parking meter on East Main Street in the city of West Frankfort, when the defendant, while attempting to park, apparently misjudged her speed, or the distance, and drove up over the curb

striking the parking meter. The impact caused the plaintiff to stumble back against a building. At the time of the injury, plaintiff noticed blood on his right arm below the elbow. He suffered a hard pain in his shoulder. His wife, who had been shopping, took him to a hospital where he was attended by the resident surgeon. X-rays were taken and plaintiff was told to use hot packs and take pills for the pain. He saw the doctor on several occasions after the accident, 3 or 4 times at his office by appointment and 3 or 4 times without appointments. Approximately 10 months after the accident x-rays were again taken. The x-rays failed to reveal any injury.

The defendant in her brief points out that plaintiff, a coal miner, was 46 years old when the accident happened; that the injury occurred on a Saturday afternoon and plaintiff returned to his regular employment on the following Monday; that he worked all of that day and never missed a day's work from his mine employment to the trial date, 2½ years later; that during a great deal of this time he worked 4 to 8 hours a week overtime, and many of his activities involved hard labor and required the use of his right arm. The defendant also points out that plaintiff did not prove up any out-of-pocket or medical expense. She says that defendant suffered no broken bones, did not require a sling or a cast, that there was no evidence of injury detected by x-rays or physical examination and no dislocations, bruises or swollen tissues. Defendant also points out that the plaintiff's doctor testified that he found no objective evidence of injury or pain, but based his diagnosis and treatment entirely upon plaintiff's subjective complaints.

Further, defendant asks: For what injuries was this verdict returned? She concludes, in view of plaintiff's own testimony to the effect that he suffered no stiffness or limited motion and had, at most, only intermittent pain, that the verdict for $2500 was grossly

74

excessive, beyond any rational appraisal, and was flagrantly outrageous.

To counter this argument, the plaintiff points out his testimony that the movement of his arm causes great pain; that there are certain jobs he cannot do since the accident, jobs which he could do before; and that he has had to hire others to do some of his work at home for him. Plaintiff's doctor testified that he diagnosed the plaintiff's condition as an injury to the rotary cuff; that it was caused by the accident; that such injury would interfere with the performance of heavy work; that certain arm movements would cause pain; and that this condition was permanent.

To support defendant's argument that the verdict was excessive, she cites principally the cases of Raphael v. Chicago & West Towns Rys., 293 Ill App 58, 11 NE2d 831 and Meltzer v. Shklowsky, 321 Ill App 400, 53 NE2d 272. In both of these cases evidence was introduced at the trial of certain ailments which were not connected up with the original injury. In both cases the reviewing court felt the verdict was excessive because these erroneous ailments were introduced. Here, the ailments were connected up by both the plaintiff and his doctor. Therefore, these cases are not authority for saying the verdict here was excessive.

 The courts have on many occasions enunciated the rule that the amount of damages is primarily a jury question, and that a verdict will not be set aside as excessive if it is within the range of the evidence and does not result from passion and prejudice. While it is true that verdicts must remain under the court's supervision, yet it is likewise true that a court may not invade the jury's province and substitute its judgment for the jury's.

██ ██ In this case the body selected by our law to try the facts, to adjudge credibility, and to weigh the evidence—the jury—had its finding upheld by the

trial judge. Such a determination is entitled to weighty consideration by a court of review. Barango v. E. L. Hedstrom Coal Co., 12 Ill App2d 118, 138 NE2d 829. A careful review of the evidence indicates to us that the verdict is within the range of the evidence. If the plaintiff and his doctor are worthy of belief, and the jury has said they are, we cannot say that the verdict for the disablement claimed is excessive.

■ The second contention of the defendant is based upon the jury instructions. Defendant tendered the following instruction:

> "You are not bound to believe something to be a fact simply because a witness has stated it to be a fact, if you believe from all the evidence that such witness is mistaken or has testified falsely concerning such alleged fact.

> "If you find that any statement in the testimony of any witness is inherently improbable when the same is considered in connection with all the evidence, then you may disregard such statement even in the absence of any evidence conflicting therewith."

This instruction was refused.

Defendant argues that plaintiff's testimony as to his symptoms and pains was testimony concerning matters peculiarly within his knowledge, which by the very nature of things, could not be contradicted by the testimony of other witnesses. Defendant goes on to argue that there was no other witness against which to weigh this testimony, that this was not a problem of differentiation of witnesses, but that the question was whether the jury would understand that it was not bound to believe this testimony. Thus, defendant argues, the credibility instruction given by the court, to the effect that the jury might take into account the witness' "ability and opportunity to observe, his mem-

ory, his manner while testifying, any interest, bias, or prejudice he may have, and the reasonableness of his testimony considered in the light of all the evidence in the case" *falls far short of telling them that they may disregard this witness' testimony completely,* even in the absence of any evidence conflicting therewith, if they find it is "inherently improbable when considered in connection with all the evidence" and that they are not bound to believe what the witness says, if they believe he is mistaken or has testified falsely concerning the matter of his testimony.

We first point out, in response to this argument, that there is hardly a case wherein some witness would not testify to matters peculiarly within his knowledge. So, under this argument, this instruction would have to necessarily be given in nearly every case. Although this case was tried prior to the effective date of Supreme Court Rule 25–1 implementing the new Illinois Pattern Jury Instructions, it is to be noted that the authors of IPI thought it was necessary to eliminate this instruction which for years has been "cluttering up the books" and have recommended that the first paragraph of the tendered instruction not be given because the standards for assessing a witness' credibility are adequately set forth in an accepted instruction, which, incidentally, was given in this case.

The second paragraph of the tendered instruction is also criticized by the authors of IPI because it is argumentative and further because its proposition can be implied from two other acceptable instructions. The committee recommended that this part of the tendered instruction not be given, because, in addition to its implication in other instructions, it "can be most adequately covered by counsel in argument and should not be the subject of a charge to the jury." In the instant case, one of the other acceptable instructions was given, the other was not.

77

We are in agreement with the reasoning of the IPI committee and hold that the failure to give the tendered instruction was not reversible error. We reject the claim of the defendant that People v. Matter, 371 Ill 333, 20 NE2d 600, held it reversible error to refuse this instruction. That was a case wherein a husband of proven good reputation was convicted on circumstantial evidence of murdering his wife, without any motive other than a quarrel on the day of the murder. In addition to other errors, the Supreme Court said that the instruction discussed above should have been given because the most important testimony in the record was from a 10-year-old child who was frightened, confused and inconsistent. This case is hardly in point here.

■ Lastly, defendant complains that the instruction plaintiff gave on damages was reversibly erroneous because it did not require a finding "from the greater weight of the evidence," but authorized a verdict simply upon a finding "from the evidence." This objection was cured by defendant's own instruction No. 11A which was given, and which instructed the jury:

> "with reference to the injuries and disabilities claimed by the plaintiff in this case, the burden of proof is on the plaintiff to prove by the greater weight of the evidence that such injuries and disabilities exist or have existed and are the result of the occurrence in question."

We have examined all of the instructions and fail to see how the jury could have been misled. They were fairly and adequately instructed on the issues in this relatively simple case.

Judgment affirmed.

SCHEINEMAN and CULBERTSON, JJ., concur.